IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>Renna Diamond,<br><br>　　　　Debtor(s), | Case No. 11 B 36969<br>Judge Jack B. Schmetterer<br>Chapter 13 |
| Renna Diamond,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Harris Bank, N.A.,<br><br>　　　　Defendant. | Adv. No.: 11-02402 |

## FINDINGS OF FACT

A. **The Parties**

  1. The Plaintiff is Renna Diamond ("Plaintiff"),

  2. The Defendant is Harris Bank, N.A. ("Defendant").

B. **Factual Background**

  1. On or about September 11, 2011, Plaintiff filed a relief under Chapter 13 of the Bankruptcy Code.

  2. Plaintiff owns real estate commonly known as 1092 North Claremont Drive, Palatine, IL 60074.

  3. That Harris Bank, N.A. holds a first mortgage lien on the real property commonly known as 1092 North Claremont Drive, Palatine IL 60074 with a secured claim of $245,819.57 pursuant to Harris Bank, N.A. November 4, 2011 payoff statement.

  4. The Defendant holds a second mortgage lien on the real property commonly known as 1092 North Claremont Drive, Palatine IL 60074 in the amount of $26,029.86 pursuant to Defendant's November 2, 2011 Home Equity Loan payoff statement.

  5. That the Plaintiff obtained an appraisal of the property on September 17, 2011 indicating the value of 1092 North Claremont Drive, Palatine IL 60074 as $210,000.00.

6. The first mortgage lien of Harris Bank, N.A. is a secured claim based on the mortgage recorded on July 11, 2006 as document number 0619205268 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of Harris Bank, N.A. is a secured claim based on the mortgage recorded on July 24, 2007 as document number 0720546056 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 Plan provides the Plaintiff will make a monthly payment to the Chapter 13 Trustee in the amount of $278.00 per month for 60 months.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

10. That on November 15, 2011, The Clerk of the Court issued a Summons which required the Defendant to serve an Answer or other responsive pleading within thirty days of the date of issuance of the Summons by the Clerk.

11. That on November 15, 2011 a copy of the summons and complaint was served in accordance with the Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified U.S. Mail, postage prepaid to the Defendant at Harris Bank, N.A., Attn: Mark Furlong, CEO, 111 W. Monroe, Chicago, IL 60603 and Harris Bank, N.A., Attn: Peter McNitt, Vice-Chair, 111 W. Monroe, Chicago, IL 60603.

12. The summons indicated that a motion or answer was required within thirty days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $210,000.00

15. The first secured claim of Harris Bank, N.A. in the amount of $245,819.57 exhausts the value and equity in Plaintiff's residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSION OF LAW

A. **Jurisdiction**

1   This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2.   Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B.    Argument**

3. This action was initiated under 11 U.S.C. § 506(a) F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of Harris Bank, N.A. in the amount of $245,819.57, and the second secured claim of Harris Bank, N.A. in the amount of $26,029.86.

5. That the value of Plaintiff's residence is $210,000.00.

6. As there is no value or equity to support the second priority lien of Harris Bank, N.A. the claim is not secured at all by a security interest in the Debtor's residence, as the term is used in § 1322 (b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F.R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used herein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In Re McDonald*, 205 F.3d 606 (3rd Cir. 2000); *Bartee v. Tara Colony Homeowners Assoc.*, 212 F.3d 277 (5th Cir. 2000); *In Re Tanner*, 217 F.3d 1357 (11th Cir. 2000).

Dated: 1/9/12

Enter:
_____
United States Bankruptcy Judge
JAN 09 2012

Submitted by:

Attorney for Debtor/Plaintiff
William Teitelbaum
253 Acorn Drive
Streamwood, IL 60107
630-202-8405

```
ORIGINAL AMOUNT           260000.00         PRODUCT           340
CURRENT BALANCE           245819.57         CURRENT RATE%     02.37500
ESCROW BALANCE                76.74         ARM TYPE
P & I PAYMENT               1090.69         NXT RATE CHG      00/00/0000
ESCROW PAYMENT               565.58         PAID TO           08/01/2011
ACH PAYMENT (Y/N)    N                      NEXT DUE          09/01/2011
         **CURRENT YTD INFO**                MATURITY          08/01/2036
INTEREST PAID               3946.68         PAID OFF          00/00/0000
TAXES PAID                  4184.72         DATE OF LOAN      07/03/2006
         **PREVIOUS YTD INFO**               BALLOON DATE      00/00/0000
INTEREST PAID              12352.57         TERM OF LOAN(MOS.)   360
TAXES PAID                  2581.38         STATUS:  ACTIVE
                                            INVESTOR CODE     00802

PRIMARY/SECONDARY BORROWER NAME             PROPERTY ADDRESS
RENNA   DIAMOND                             1092 N CLAREMONT DRIVE
                                            PALATINE                 IL 60074

HOME PHONE NUMBER   847-304-3700

FOR INFO/PAYOFF INQ CALL RETAIL SRVC HELPDESK @ 1-888-365-4733 OPT 2, OPT 1
                        (INTERNAL USE ONLY).
```

BMO Harris Bank N.A.
1350 N. Rand Road
Palatine, IL 60074

11/4/11

EXHIBIT "A"